# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **BILLY JOE CRIBB,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| **PHILLIPS AND JORDAN, INC. and** | : | |
| **NOVAPRO RISK SOLUTIONS GP, LLC,** | : | |
| | : | |
| Plaintiffs-Intervenors, | : | |
| | : | |
| v. | : | Civil Action No. 7:06-cv-60(HL) |
| | : | |
| **WES-FLO, CO., INC. and** | : | |
| **JIMMY D. MULLAN,** | : | |
| | : | |
| Defendants. | : | |

_____

## ORDER

Before the Court is a Motion to Intervene (Doc. 10) filed by Phillips and Jordan, Inc. ("P&J") and NovaPro Risk Solutions GP, LLC ("NovaPro"). For the reasons set forth below, the Motion is granted.

## I.   FACTS AND PROCEDURAL HISTORY

On June 21, 2006, Plaintiff Billy Joe Cribb ("Cribb") filed a Complaint in the State Court of Lowndes County, Georgia against Wes-Flo Co., Inc. ("Wes-Flo") and Jimmy D. Mullan ("Mullan"). Cribb's Complaint arises out of a car accident with Mullan, an employee of Wes-Flo, which Cribb claims was caused by Mullan's negligence. As a result, Cribb alleges Wes-Flo and Mullan are liable to him for various damages.

1

On July 19, 2006, Wes-Flo and Mullan filed a Notice of Removal (Doc. 1), by which they removed the claim to federal court.  On October 2, 2006, P&J and NovaPro filed a Motion to Intervene (Doc. 10).  Objections to the Motion to Intervene (Doc. 12) were filed by Cribb, and P&J and NovaPro filed a Reply (Doc. 13).

## II.    ANALYSIS

### A.    Legal Standards: Intervention and Subrogation

Federal Rule of Civil Procedure 24 allows a party to intervene in a lawsuit either as a matter of right or by permission.  Fed. R. Civ. P. 24.  Rule 24(a) provides for an intervention by right upon timely application:

> (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a).  Rule 24(b), by contrast, provides for permissive intervention upon timely application:

> (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.  When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b).

Also relevant in this case, Georgia law provides, in part, that

> In the event an employee has a right of action against [another] person . . . and the employer's liability under this chapter has been fully or partially paid, then the employer or such employer's insurer shall have a subrogation lien, not to exceed the actual amount of compensation paid pursuant to this chapter, against such recovery.  The employer or insurer may intervene in any action to protect and enforce such lien.

Ga. Code Ann. § 34-9-11.1(b) (2004).

### B.    Application

P&J and NovaPro have filed a motion to intervene to protect their subrogation interest under Ga. Code Ann. § 34-9-11.1 and claiming an intervention of right under Rule 24(a) or, alternatively, a permissive intervention under Rule 24(b).  In their Motion, P&J and NovaPro have offered evidence that, as a result of the injuries sustained by Cribb in the July 2004 automobile accident, P&J and/or NovaPro have paid disability benefits and medical expenses on Cribb's behalf.  (Doc. 10 at Exhibit A.)  The Court is satisfied that P&J and NovaPro have an interest to protect in this action, are so situated that the disposition of the action may as a practical matter impair or impede their ability to protect that interest, and their interest is not adequately represented by existing parties.  P&J and NovaPro thereby meet the requirements under Rule 24(a)(2) to intervene as a matter of right.[1]  Similarly, Section 34-9-11.1(b) clearly provides a right for P&J and NovaPro to intervene to protect and enforce their subrogation lien.

### C.    Objections

---

[1] As a result, the Court need not consider P&J and NovaPro's alternative motion for permissive intervention under Rule 24(b).

Finally, the Court rejects Cribb's objections.  First, as noted by P&J and NovaPro, the declaration of Steve Thompson ("Thompson") (id.) complies with the requirements of 28 U.S.C. § 1746[2] and is therefore admissible, even though it is unsworn.  Second, the Court is satisfied that Thompson's declaration provides sufficient evidence that P&J and NovaPro may intervene in the present action pursuant to the requirements of O.C.G.A. § 34-9-11.1.

## III.   CONCLUSION

The Motion to Intervene (Doc. 10) filed by P&J and NovaPro is granted.  P&J and NovaPro are ordered to file the Complaint currently attached as Exhibit B to Document 10 as a separate document in the Case Management/Electonic Case Files ("CM/ECF") system.  This action shall continue with P&J and NovaPro as Plaintiffs-Intervenors under the style and caption shown above.  Wes-Flo and Mullen shall be required to respond to said Complaint within twenty (20) days after it is filed in the CM/ECF system.

SO ORDERED, this the 18th day of October, 2006.

s/   Hugh Lawson
**HUGH LAWSON, JUDGE**

pdl

---

[2] "Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form . . . . [i]f executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".  28 U.S.C. § 1746 (2006).

4